OPINION
{¶ 1} Defendant-Appellee, Raymond Thomas appeals from the judgment entered in the Massillon Municipal Court awarding Plaintiff-Appellee, Fuller Associates, Inc. nine thousand dollars ($9,000.00) in compensatory damages, interest and court costs.
 {¶ 2} Appellant assigns as errors:
 I {¶ 3} "The trial court erred in finding that plaintiff was the procuring cause of the transaction between defendants Adam Title agency, Inc. and Raymond Thomas.
 II {¶ 4} "If the basis of the ruling of the trial court was that plaintiff was entitled to a commission as a "business finder" then such decision is reversible error."
 I {¶ 5} Plaintiff-Appellee, Fuller Associates, Inc., (appellee) is a duly licensed Ohio corporation engaged in the business of "business brokerage". On or about August 21, 2001, appellee entered into a contract with defendant Adams Title Agency, Inc. ("Adams"), wherein Adams gave appellee the sole and exclusive right to promote the sale of the business assets of Adams during the term of the brokerage agreement.
 {¶ 6} Paragraph two of said contract provided, in pertinent part, "[appellee] hereby accepts employment and promises to use its best efforts in [appellee's] ordinary course of business to offer for sale and procure a ready, willing and able purchaser " of Adams' business.
 {¶ 7} During the term of the subject agreement, appellant Raymond Thomas ("appellant") contacted appellee regarding the purchase of Adams. Thereafter, but during the term of the subject contract, appellee transmitted two separate offers made by appellant to purchase Adams. Adams rejected those two offers.
 {¶ 8} Appellant subsequently entered into direct negotiations with Adams for the purchase of the subject business. It appears from the record that appellee refused to participate in the latter negotiations because of disputes between appellee and appellant.
 {¶ 9} After appellant and Adams agreed on a purchase price, disputes arose between the parties resulting in litigation. That litigation was resolved and as part of that resolution appellant agreed to indemnify Adams for any monies that may be owed to appellee under the subject brokerage contract between appellee and Adams.
 {¶ 10} Appellee initiated lawsuit against Adams alleging that said parties were responsible for the payment of the brokerage fee to appellee because appellee procured appellant, a "ready, willing and able purchaser." A bench trial was conducted in the Massillon Municipal Court and two live witnesses testified. Appellant did not order or otherwise provide this court with the transcript of the proceedings that occurred during the bench trial. Rather, appellant has provided us with the findings of fact and conclusions of law that were filed by the trial court.
 {¶ 11} Following trial, the trial court entered judgment in favor of appellee and against the named defendants. A timely notice of appeal followed.
 I, II {¶ 12} We shall treat both of appellant's assigned errors together.
 {¶ 13} First and foremost, this court must presume the regularity of the proceedings that transpired in the Massillon Municipal Court for appellant's failure to provide this court with a complete transcript of proceedings. See Knapp v. Edwards Laboratory (1981), 61 Ohio St.2d 197. As a result of appellant's failure to order the entire transcript, this court is limited in its review, but is not prohibited in conducting a review. As such, we hereby overrule appellee's motion to dismiss the within appeal for appellant's failure to file the transcript of proceedings.
 {¶ 14} We have reviewed the findings of fact and conclusions of law made by the trial court and believe that the conclusions of law properly flow from the findings of fact adopted by the trial court. The contract at issue specifically provided that appellee was to use its best efforts to obtain or procure a ready, willing and able purchaser of Adams. From the record before us, it is clear that appellee did procure appellant during the term of the subject brokerage agreement and that appellant subsequently purchased the subject business.
 {¶ 15} For these reasons, we hereby overrule appellant's two assigned errors and affirm the judgment entered in the Massillon Municipal Court.
By Farmer, J. and Gwin, P.J. concur.